**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| SPRAYFISH, INC., | NO. |
| Plaintiff, | **COMPLAINT FOR VIOLATIONS OF FEDERAL ANTICYBERSQUATTING CONSUMER PROTECTION ACT, LANHAM ACT, AND VIOLATIONS OF WASHINGTON CONSUMER PROTECTION ACT** |
| v. | |
| TOTAL FINISHING SOLUTIONS, LLC, | |
| Defendant. | |
| | **DEMAND FOR JURY TRIAL** |

SPRAYFISH, INC. ("Plaintiff" or "Sprayfish"), by and through its attorneys Foster Garvey PC, brings these causes of action against defendant TOTAL FINISHING SOLUTIONS, LLC ("Defendant") and states as follows:

**INTRODUCTION**

1.      Sprayfish is a premier West Coast distributor of paint application equipment, spray finishing equipment, parts, and accessories. Sprayfish provides distribution, consultation, design, and installation services to businesses throughout the United States.

2.      Sprayfish made substantial investments since its founding in 2019 to develop its relationships with customers and suppliers and provide the best product options, prices, advice,

COMPLAINT FOR VIOLATIONS OF FEDERAL
ANTICYBERSQUATTING CONSUMER PROTECTION
ACT, LANHAM ACT, AND VIOLATIONS OF
WASHINGTON CONSUMER PROTECTION ACT - 1

**FOSTER GARVEY PC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

and services. As a result, Sprayfish built a reputation as a source of high-quality products and services.

3.     Defendant used, without authorization, Sprayfish's proprietary trade name to confuse and redirect customers to websites owned and/or operated by Defendant. Defendant's actions threaten the goodwill and reputation for quality services that Sprayfish worked so hard to cultivate.

## PARTIES

4.     Sprayfish, Inc. is a corporation organized under the laws of the State of Washington, with its principal place of business in Mount Vernon, Washington.

5.     On information and belief, Defendant Total Finishing Solutions, LLC, is an Oregon limited liability company.

6.     On information and belief, Defendant is owned and/or operated by Ty Crowder.

## JURISDICTION AND VENUE

7.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action is brought under the Federal Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125, and the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*

8.     This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the matter in controversy exceeds $75,000, exclusive of interest and costs.

9.     This Court has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1367 because all other claims are so related to the ACPA and the Lanham Act claims that they form part of the same case or controversy.

10.     This Court has personal jurisdiction over Defendant because Defendant transacted, and continues to transact, business and commit tortious acts within and targeted to the state of Washington, and Plaintiff's claims arise from those activities.

COMPLAINT FOR VIOLATIONS OF FEDERAL
ANTICYBERSQUATTING CONSUMER PROTECTION
ACT, LANHAM ACT, AND VIOLATIONS OF
WASHINGTON CONSUMER PROTECTION ACT - 2

**FOSTER GARVEY PC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

11. Defendant committed, or facilitated the commission of, tortious acts in the state of Washington and wrongfully caused both Plaintiff and residents substantial injury in Washington.

12. Defendant owns and/or operates a website found at https://totalfinishingsolutions.com/ ("Defendant's Website"), as well as affiliated social media websites, including https://www.facebook.com/TotalFinishingSolutions, https://www.instagram.com/totalfinishingsolutions, https://www.linkedin.com/company/total-finishing-solutions/, https://x.com/Total_Finishing, and https://www.youtube.com/totalfinishingsolutions (collectively "Social Media Websites"), and, on information and belief, Defendant intentionally targets residents of the state of Washington through, among other channels, the Defendant's Website and its Social Media Websites.

13. On information and belief, Defendant advertises, promotes, sells, and provides services, all of which are causing harm to Plaintiff and residents of the state of Washington, through Defendant's Website, social media websites, and/or other online channels operated or controlled by Defendant.

14. On information and belief, Defendant's advertising, sale, and provision of services to residents of the state of Washington occurred as part of Defendant's regular course of business.

15. On information and belief, several of Defendant's clients received Defendant's services while residing in this District.

16. Defendant's advertising, sale, and provision of services cause harm to Sprayfish and residents of the state of Washington because Defendant uses, without authorization, Sprayfish's intellectual property, including without limitation, Sprayfish's mark on identical or substantially similar services as those offered by Sprayfish.

## **FACTUAL BACKGROUND**

17. Sprayfish is a premier West Coast paint application equipment distributor that provides, among other things, booths, ovens, designed systems, liquid application equipment, compressed air solutions, part racks, filters, and finishing equipment accessories (collectively,

COMPLAINT FOR VIOLATIONS OF FEDERAL
ANTICYBERSQUATTING CONSUMER PROTECTION
ACT, LANHAM ACT, AND VIOLATIONS OF
WASHINGTON CONSUMER PROTECTION ACT - 3

**FOSTER GARVEY PC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

"Finishing Equipment"). Sprayfish also provides consultation, design, and installation services for its products to businesses throughout the United States.

18.      Sprayfish made substantial investments over the past seven years in building its brand and providing top-of-the-line supplies with top-of-the-line customer service to businesses throughout the United States; as a result, consumers associate and affiliate these industry-leading products and high-quality services with Sprayfish.

19.      In connection with selling its products and services, Sprayfish created and uses the mark SPRAYFISH.

20.      Sprayfish incorporated the mark SPRAYFISH as a key feature of its products and services since as early as 2019 and has used the mark continuously since then.

21.      The mark SPRAYFISH is distinctive and does not describe the goods and services offered by Sprayfish.

22.      Due to Sprayfish's longstanding and widespread use of the mark in connection with its business, Sprayfish developed considerable and valuable goodwill and reputation with respect to its mark, and consumers recognize and associate the mark with Sprayfish's products and services; as a result, Sprayfish has common law rights in the mark.

23.      On information and belief, Defendant owns and/or operates a website found at www.sprayfish.com.

24.      The website www.sprayfish.com redirected consumers to other domains owned by Defendant, including the domain name, https://totalfinishingsolutions.com/.

25.      Defendant's products and services include, but are not limited to, paint finishing operations, liquid paint spray booths, and liquid application equipment.

26.      Defendant is in direct competition with Sprayfish.

27.      Defendant's website, https://totalfinishingsolutions.com/ offers goods and services that compete with Sprayfish's goods and services.

COMPLAINT FOR VIOLATIONS OF FEDERAL
ANTICYBERSQUATTING CONSUMER PROTECTION
ACT, LANHAM ACT, AND VIOLATIONS OF
WASHINGTON CONSUMER PROTECTION ACT - 4

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

28.     On February 13, 2026, Sprayfish sent Defendant a cease and desist letter (the "First Letter") asking Defendant to stop using Sprayfish's intellectual property immediately.

29.     On March 2, 2026, counsel for Defendant sent a letter to Sprayfish agreeing not to redirect traffic from www.sprayfish.com to any website used by Defendant in the future; however, Defendant refused to enter into any agreement prohibiting Defendant from repeating that conduct and explicitly stated it would retain ownership of the domain www.sprayfish.com and refused to take further action in response to Sprayfish's First Letter.

30.     On March 16, 2026, Sprayfish sent a second cease and desist letter asking Defendant and Mr. Crowder to fully comply with the First Letter and stop using Sprayfish's intellectual property immediately.

31.     Defendant to date has refused to transfer ownership of the domain and refused to enter into any agreement prohibiting it from repeating its prior acts.

## COUNT ONE: FEDERAL ANTICYBERSQUATTING CONSUMER PROTECTION ACT (CYBERSQUATTING AND TYPOSQUATTING)

32.     Sprayfish repeats and realleges the preceding paragraphs as if fully set forth herein.

33.     The Lanham Act makes a party liable for registering, trafficking in, or using a domain name that is identical or confusingly similar to a distinctive mark when such actions are done with bad faith intent to profit from that mark. 15 U.S.C. § 1125(d).

34.     Sprayfish used the distinctive SPRAYFISH mark years before Defendant acquired the domain name www.sprayfish.com; Sprayfish has protectable common law rights in the. mark; and the mark was, and still is, recognized as an indicator of source for Sprayfish's products and services.

35.     Sprayfish is the owner of common law rights and has a protectable interest in and to the SPRAYFISH. mark arising from its extensive, continuous, and substantially exclusive use of the mark since at least January 1, 2019.

COMPLAINT FOR VIOLATIONS OF FEDERAL
ANTICYBERSQUATTING CONSUMER PROTECTION
ACT, LANHAM ACT, AND VIOLATIONS OF
WASHINGTON CONSUMER PROTECTION ACT - 5

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON  98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

36.    Sprayfish has operated under the business name "Sprayfish, Inc." since at least January 1, 2019.

37.    Defendant's use of the infringing domain name www.sprayfish.com in commerce commenced only after Sprayfish established common law trademark rights through extensive use of its SPRAYFISH mark.

38.    Defendant registered and operates a domain name that is identical and/or confusingly similar to the SPRAYFISH mark., namely, the domain name www.sprayfish.com.

39.    On information and belief, Defendant has owned, operated, and/or controlled the domain name www.sprayfish.com since at least February 13, 2026.

40.    On information and belief, Defendant knew of the existence of Sprayfish before Defendant obtained control of the domain name www.sprayfish.com.

41.    Before the Defendant obtained the domain name www.sprayfish.com, Sprayfish used the domain name www.sprayfishinc.com in connection with its bona fide offering of Finishing Equipment and consulting, design, and installation services.

42.    Defendant's domain, www.sprayfish.com, redirected users to other domains owned by Defendant.

43.    Defendant had a bad faith intent to profit from its control of the domain www.sprayfish.com.

44.    Defendant uses the www.sprayfish.com domain to divert consumers away from Sprayfish's website, www.sprayfishinc.com; these actions tarnish Sprayfish's reputation and goodwill represented by the SPRAYFISH mark.

45.    Defendant knowingly, willfully, maliciously, and with intent to harm engaged in the Lanham Act violations described herein.

46.    Defendant knew that its actions would redirect any users looking for Sprayfish at www.sprayfishinc.com to Defendant's website.

COMPLAINT FOR VIOLATIONS OF FEDERAL
ANTICYBERSQUATTING CONSUMER PROTECTION
ACT, LANHAM ACT, AND VIOLATIONS OF
WASHINGTON CONSUMER PROTECTION ACT - 6

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

47.     Upon information and belief, Defendant took steps to conceal its actions such as taking steps to remove the website from search results, thus only impacting consumers deliberately typing in Sprayfish's name to a web browser.

48.     Upon information and belief, Defendant exhibits a pattern of similar behavior and conduct, doing similar re-direct websites with the names, or similar names, of other direct competitors other than Sprayfish.

49.     Sprayfish is entitled to cancellation of the domain name www.sprayfish.com, along with monetary compensation and statutory penalties pursuant to the Lanham Act, 15 U.S.C. § 1125(d).

**COUNT TWO: LANHAM ACT VIOLATIONS—FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**

50.     Sprayfish repeats and realleges the preceding paragraphs as if fully set forth herein.

51.     The Lanham Act prohibits the use in commerce of any false or misleading description or representation of fact which is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of the goods or services of another person. The Lanham Act additionally prohibits the use of a false or misleading description or representation of fact in commercial advertising that misrepresents the nature, characteristics, or qualities of the person's or another person's goods, services, or commercial activities. 15 U.S.C. § 1125(a).

52.     Sprayfish has a protectable interest and senior rights in the SPRAYFISH mark and offers services under that mark as alleged above.

53.     Sprayfish and Defendant are competitors.

54.     Since at least February 13, 2026, and likely prior, Defendant's infringing actions have been with full knowledge of Plaintiff's prior and exclusive rights in the SPRAYFISH mark.

COMPLAINT FOR VIOLATIONS OF FEDERAL
ANTICYBERSQUATTING CONSUMER PROTECTION
ACT, LANHAM ACT, AND VIOLATIONS OF
WASHINGTON CONSUMER PROTECTION ACT - 7

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

55.    Defendant's use of Sprayfish's mark and name on the website www.sprayfish.com to redirect consumers to Defendant's Website is likely to cause confusion or mistake as to the origin, sponsorship, or approval of Defendant's business by Sprayfish.

56.    Defendant's actions constitute intentional, willful, knowing, and deliberate unfair competition.

57.    As a direct and proximate result of Defendant's acts, Sprayfish suffered, and will continue to suffer, irreparable loss of income, profits, and goodwill, and Defendant unfairly acquired, and will continue to unfairly acquire, income, profits, and goodwill.

58.    Defendant's acts will cause further irreparable harm to Sprayfish if Defendant is not enjoined from further violation of Sprayfish's rights. Sprayfish has no adequate remedy at law.

**COUNT THREE: WASHINGTON CONSUMER PROTECTION ACT VIOLATIONS— UNFAIR COMPETITION**

59.    Sprayfish repeats and realleges the preceding paragraphs as if fully set forth herein.

60.    RCW 19.86.020 prohibits "unfair" or "deceptive" acts or practices in trade or commerce.

61.    Defendant's actions as described herein, including its use of Sprayfish's mark and name on the domain name www.sprayfish.com to redirect consumers located in the state of Washington to Defendant's Website constitute "trade" or "commerce" as defined by RCW 19.86.010(2).

62.    By knowingly and willfully using Sprayfish's mark and name on the domain name www.sprayfish.com to redirect consumers to Defendant's Website, Defendant engaged in unfair and deceptive practices to deceive consumers into mistakenly believing that the domain name, and/or Sprayfish's other proprietary materials and intellectual property were created, are owned by, and/or originate from Sprayfish when they did not or confusing consumers who had initial interest in Sprayfish and its products by re-directing those users to Defendant's products and services.

COMPLAINT FOR VIOLATIONS OF FEDERAL
ANTICYBERSQUATTING CONSUMER PROTECTION
ACT, LANHAM ACT, AND VIOLATIONS OF
WASHINGTON CONSUMER PROTECTION ACT - 8

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON  98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

63. Defendant's actions and misconduct constitute an unfair and deceptive act or practice and an unfair method of competition in the conduct of trade or commerce, having a public interest impact, in violation of RCW 19.86.020, and have harmed Sprayfish in its business and property.

64. Defendant's deceptive statements caused damage to Sprayfish, including, but not limited to, damage to Sprayfish's profits, reputation, contracts, business, business relationships, or business expectancies.

65. Sprayfish is entitled to recover damages, treble damages, and attorney fees pursuant to RCW 19.86.090.

### COUNT FOUR: COMMON LAW TRADEMARK INFRINGEMENT

66. Sprayfish repeats and realleges the preceding paragraphs as if fully set forth herein.

67. Sprayfish was the first to use the mark and name, SPRAYFISH, in connection with providing Finishing Equipment, consulting, design, and installation services.

68. Sprayfish has used the mark and name SPRAYFISH continuously since at least January 1, 2019.

69. Defendant and Sprayfish are in direct business competition with each other.

70. Defendant's use of Sprayfish's mark and name SPRAYFISH on the domain name www.sprayfish.com to redirect consumers to Defendant's Website has the tendency to confuse Defendant's business and Sprayfish's business to the consuming public.

71. Defendant's use of Sprayfish's mark and name SPRAYFISH on www.sprayfish.com to redirect consumers to Defendant's Website is likely to deceive or mislead customers or potential customers of Sprayfish, others who attempt to visit Sprayfish's website, and others who perceive the domain name www.sprayfish.com into the belief that Sprayfish and Defendant are affiliated or identical.

72. Defendant's use of Sprayfish's mark and name SPRAYFISH on the domain name www.sprayfish.com to redirect consumers to Defendant's Website is likely to deceive or mislead

COMPLAINT FOR VIOLATIONS OF FEDERAL
ANTICYBERSQUATTING CONSUMER PROTECTION
ACT, LANHAM ACT, AND VIOLATIONS OF
WASHINGTON CONSUMER PROTECTION ACT - 9

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

customers or potential customers of Sprayfish and others who attempt to visit Sprayfish's website, and others who perceive the domain name www.sprayfish.com into the belief that they are dealing with Sprayfish when, in fact, they are dealing with Defendant.

73.    Defendant's use of Sprayfish's mark and name SPRAYFISH on the domain name www.sprayfish.com to redirect consumers to Defendant's Website is likely to deceive or mislead customers or potential customers of Sprayfish and others who attempt to visit Sprayfish's website, and others who had initial interest in Sprayfish products or services and instead purchase Defendant's competing products or services after being re-directed to Defendant's website.

### PRAYER FOR RELIEF

WHEREFORE, Sprayfish respectfully requests the following relief:

A.    An award declaring that Defendant's actions constitute trademark infringement, unfair competition and false advertising, and cybersquatting;

B.    An award declaring that Defendant's actions constitute unfair competition under the Washington Consumer Protection Act;

C.    An order that Defendant, its affiliates, officers, directors, agents, servants, employees, attorneys, heirs, assigns, and all other persons in active concert or participation with Defendant be preliminarily and permanently enjoined and restrained from all acts of false or misleading description of fact and false or misleading representation of fact, and all other acts of false advertising, unfair competition, unfair and deceptive acts or practices, and, including, but not limited to, representing that Defendant own and/or have rights to the domain name www.sprayfish.com, Sprayfish's other marks, or Sprayfish's proprietary materials and other intellectual property;

D.    An award to Sprayfish of actual damages resulting from Defendant's infringement of Sprayfish's rights and violation of unfair competition laws, in an amount to be determined at trial;

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

E.    An award to Sprayfish, including treble damages, recoverable under the Lanham Act, 15 U.S.C. §§ 1117, 1125, and/or the Washington Consumer Protection Act, RCW 19.86.090, and enjoining Defendant from further misleading and defrauding buyers and infringing on Sprayfish's mark;

F.    An award declaring that Defendant's trademark infringement, false advertising, unfair competition, and other wrongful acts are determined to be deliberate, willful, and in conscious disregard of Sprayfish's rights pursuant to 15 U.S.C. § 1117(a); 15 U.S.C. §§ 1125(a), 1125(d), and common law;

G.    For an award of reasonable attorney's fees and costs under 35 U.S.C. § 285, 15 U.S.C. § 1117(a), and RCW 19.86.090;

H.    An award of prejudgment interest to the fullest extent provided by law; and

I.    Such other relief as this Court deems just and proper.

DATED this 13th day of April, 2026.

By _____
Ben Hodges, WSBA #49301
FOSTER GARVEY PC
1111 Third Avenue, Suite 3000
Seattle, WA 98101
Telephone: (206) 447-4700
Email: ben.hodges@foster.com

*Attorneys for Sprayfish, Inc.*

COMPLAINT FOR VIOLATIONS OF FEDERAL
ANTICYBERSQUATTING CONSUMER PROTECTION
ACT, LANHAM ACT, AND VIOLATIONS OF
WASHINGTON CONSUMER PROTECTION ACT - 11